UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ANTHONY L. MARLAR, | ) | Civil Action No.: 2:08-cv-1874-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN, TYGER RIVER CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the court is Respondent's [Docket Entry #15] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #22] of Magistrate Judge Robert S. Carr filed on September 25, 2008.[1] In his Report, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and this matter ended. Petitioner timely filed Objections [Docket Entry #26] to the Magistrate's Report and Recommendation on October 8, 2008.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with

---

[1] This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

Petitioner, proceeding *pro se*, brought this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner raised four grounds for habeas corpus relief in his petition. *See* [Report and Recommendation, at 11-13, Docket Entry #22]. The Magistrate Judge found that grounds one and four were procedurally barred because Petitioner did not present the claims to the South Carolina Supreme Court for review on the merits in a procedurally viable manner and the South Carolina state courts would find the claims procedurally defaulted if Petitioner attempted to raise them at this point. The Magistrate Judge found that grounds two and three were not cognizable claims in a federal habeas corpus case because the claims asserted errors or irregularities in Petitioner's state post-conviction proceedings.

If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts and the claim will be considered procedurally defaulted. As a consequence, the petitioner will be barred from raising the issue in his federal habeas petition. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

In order to have procedurally defaulted claims considered, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[A]bsent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, a federal habeas court may not review a claim when a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." *Fisher*, 163 F.3d at 844. A rule is adequate if it is regularly or consistently applied by the state court, *see Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not "depend[ ] on a federal constitutional ruling," *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).

The Magistrate Judge found that grounds one and four of Petitioner's petition were procedurally defaulted because the claims were not presented to the South Carolina Supreme Court for review on the merits and the Petitioner would be precluded from raising the claims now.

In his first ground, Petitioner alleges that his trial counsel was ineffective for failing to call DNA expert, SLED Agent John Barron to testify regarding DNA samples collected at the scene, which allegedly did not match Petitioner. Petitioner also alleges that his trial counsel was ineffective for failing to cross-examine co-defendant Fields about any alleged bias towards Petitioner. Petitioner raised these identical claims in his state PCR action; however, the South Carolina Supreme Court refused to address the claims on the merits finding that Petitioner had not preserved the issues for appellate review. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). The South Carolina Supreme Court held that:

> Because [Petitioner] did not make a Rule 59(e) motion asking the
> PCR judge to make specific findings of fact and conclusions of law
> on his allegations, the issues were not preserved for appellate review,
> and the Court of Appeals erred in addressing the merits of the issues
> and remanding the matter to the PCR judge.

*Marlar*, 653 S.E.2d at 267. As a result, Petitioner has procedurally defaulted on his claims of ineffective assistance of counsel asserted in ground one of his petition.

In his objections, Petitioner argues that his procedural default should be excused because his court appointed PCR counsel was ineffective for failing to file a Rule 59(e) motion. Petitioner argues that his PCR counsel's failure to file a Rule 59(e) motion establishes the cause and prejudice necessary to excuse his procedural default. However, it is well-established that ineffective assistance of counsel on collateral review is not cause to excuse procedural default. *See Joseph v. Angelone*, 184 F.3d 320, 325 (4th Cir. 1999); *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997) (en banc).

Petitioner also appears to assert actual innocence as a basis for this court to excuse his procedural default. Although not an independent constitutional claim, a showing of actual innocence may allow review of procedurally defaulted claims. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996). Thus, in order for Petitioner to have his procedurally defaulted claims reviewed on the basis of actual innocence, he must show that, if new evidence were introduced, it is more likely than not that no jury would convict. *Royal v. Taylor*, 188 F.3d 239, 243-44 (4th Cir. 1999). The petitioner must demonstrate factual innocence, not merely the legal insufficiency of his conviction or sentence. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

To support his claim of actual innocence, Petitioner points to the fact that two pubic

hairs found in the victim's bed did not match the Petitioner. Despite Petitioner's claim, the court finds that there was overwhelming evidence of Petitioner's guilt presented at trial, including: 1) testimony of his co-defendant, Fields, that Petitioner and Fields raped the victim; and 2) testimony of the victim identifying Petitioner as one of the perpetrators. *See Marlar v. State*, 644 S.E.2d 769, 770-72 (S.C. Ct. App. 2007). Accordingly, Petitioner has not met his burden of establishing his actual innocence.

As to ground four of Petitioner's petition, Petitioner did not specifically object to the Magistrate Judge's finding that the claim was procedurally defaulted. In ground four, Petitioner alleges that the trial court violated the due process and confrontation clauses of the Constitution, failed to use proper DNA techniques, failed to investigate the victim's story and whether the perpetrator was someone other than the Petitioner. These claims were never raised to the South Carolina Supreme Court and the Petitioner would be precluded from raising them at this juncture. The court agrees with the Magistrate Judge that ground four of Petitioner's petition is procedurally defaulted.

The Magistrate Judge found that grounds two and three were not cognizable in a federal habeas corpus case because Petitioner was asserting errors in connection with his state post-conviction proceedings. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review). Petitioner does not address in his objections whether grounds two and three are cognizable federal habeas corpus claims. Therefore, the court is inclined to agree with the Magistrate Judge that grounds two and three are not cognizable in a federal habeas corpus case.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #22] of the Magistrate Judge.  Respondent's [Docket Entry #15] motion for summary judgment is **GRANTED**.  This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.


December 4, 2008                                                        s/ R. Bryan Harwell
Florence, South Carolina                                            R. Bryan Harwell
                                                                              United States District Judge